**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Roberto GARCIA–GARCIA, a.k.a.
Enrique Garcia–Garcia,
Defendant–Appellant.**

**No. 11–50544.**

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 9, 2012.*

Filed Oct. 10, 2012.

Fred Sheppard, Assistant U.S., Bruce R. Castetter, Assistant U.S., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Zandra Luz Lopez, Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: RAWLINSON, MURGUIA, and WATFORD, Circuit Judges.

MEMORANDUM **

Roberto Garcia–Garcia appeals from the 57–month sentence imposed following his guilty-plea conviction to being a deported alien found in the United States, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we vacate and remand for resentencing.

The parties agree, and we concur, that the district court erred in imposing a 16–level increase in Garcia–Garcia's base offense level under U.S.S.G. § 2L1.2(b)(1)(A)(i), because the documentation submitted by the government did not provide clear and convincing evidence that Garcia–Garcia had a prior drug-trafficking conviction. *See United States v. Bonilla–Montenegro,* 331 F.3d 1047, 1050 (9th Cir.2003) (government must prove prior conviction by clear and convincing evidence when it seeks a 16–level sentencing enhancement).

Accordingly, we vacate the judgment and remand for resentencing. Given the government's representation that the documents in the record are the only available documents concerning Garcia–Garcia's prior offense, on remand the district court is directed to calculate the advisory Sentencing Guidelines range by applying an enhancement of no more than eight levels under U.S.S.G. § 2L1.2(b).

Garcia–Garcia's request for judicial notice is granted.

The clerk shall issue the mandate forthwith.

**VACATED and REMANDED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.